UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 09-12-GFVT-5 |
| v. | ) | |
| CHRIS CHRISTMAN, | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Chris Christman plead guilty to manufacturing over five grams of methamphetamine in violation of 21 U.S.C. § 846 and possession of a listed chemical knowing it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). Because these drug offenses carry maximum penalties of ten years or more in prison and the United States refused to recommend that no term of imprisonment be imposed, he is subject to mandatory detention under 18 U.S.C. § 3143(a)(2). Citing the "exceptional reasons" provision of 18 U.S.C. § 3145(c), Christman appealed his detention and requested that he be released pending sentencing. [R. 240.] Because exceptional reasons do not exist in this case, the Court denied Christman's Motion for Release Pending Sentencing and stated it would issue a written opinion explaining its reasons for doing so. This is that opinion.

# I.

18 U.S.C. § 3145(c) governs the "Appeal from a release or detention order." It provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[1]  18 U.S.C. § 3145(c).

This is not the Court's first occasion to construe the language of § 3145(c).  In *United States v. Smith*, 593 F.Supp.2d 948 (E.D. Ky. 2009), the Court set forth the approach to statutory construction endorsed by the Sixth Circuit.  This approach recognizes that, when construing a statue, "the authoritative statement is the statutory text, not the legislative history or any other extrinsic material." *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 390 n.6 (6th Cir. 2007) (*citing Exxon Mobile Corp. v. Allapattah Servs.., Inc*., 545 U.S. 546, 568, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)).  A judge's first task, therefore, is to "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *Brilliance Audio, Inc. v. Haigts Cross Comm., Inc*., 474 F.3d 365, 371 (6th Cir. 2007).  Whether the language is plain or ambiguous depends not only on the language itself but also on the "specific context in which the language is used, and the broader context of the statute as a whole." *Robinson*, 519 U.S. at 341, 117 S.Ct. 843; *see also United States v. Meyers*, 952

---

[1] The language of § 3145(c) makes clear that there are two situations when a defendant may appeal the decision detaining him for exceptional reasons.  First, by reference to § 3143(a), a defendant convicted of a mandatory detention offense may try to obtain his release while awaiting sentencing.  This is Christman's situation.  Second, by reference to § 3143(b), exceptional reasons analysis may apply where the defendant has been convicted and sentenced but has filed an appeal.  This situation is not before the Court.

F.2d 914, 918 (6th Cir. 1992), *cert. denied*, 503 U.S. 994, 112 S.Ct. 1695, 118 L.Ed.2d 407 (1992).

Applied in the context presented in *Smith*, the Court found that § 3145(c) did not empower district courts to entertain requests to release individuals who are subject to mandatory detention because of exceptional reasons. *Smith*, 593 F.Supp.2d at 957. Instead, the Court concluded that only the courts of appeals were granted this authority. *Id.* In cursory fashion, the Sixth Circuit has rejected this interpretation of § 3145(c) and concluded that district courts are authorized to perform exceptional reasons analysis.[2] *United States v. Christman*, 596 F.3d 870 (6th Cir. 2010). Consequently, the task now before the Court is to apply the same principles of statutory analysis to the provision that allows a detainee to be released until sentencing because of exceptional reasons.

Even with the aid of the statutory construction principles just mentioned, we cannot know with any precision what constitutes an exceptional reason that would justify releasing until sentencing a person subject to mandatory detention. Nowhere in the statute is "exceptional reasons" defined. What is clear from the context of the plain language, however, is that the relief under § 3145(c) is a limited exception to the general requirement of mandatory detention for persons convicted of offenses referenced in § 3143(a)(2).[3] For instance, before the Court may

---

[2] As a practical matter, because of the Sixth Circuit's decision in *Christman*, an exceptional reasons appeal will follow a somewhat unusual three-step process. First, the district court will determine whether an exception to mandatory detention under § 3143(a)(2) applies in the defendant's case. If not, then the defendant will "appeal" that decision to the district judge who just denied his release. *See* 18 U.S.C. § 3145(c) ("Appeal from a release or detention order.") The district judge will then evaluate whether the conditions under § 3145(c) are satisfied to justify release.

[3] Section 3143(a)(2) requires mandatory detention of persons found guilty of the offenses set forth in subparagraphs (A), (B) and (C) of 18 U.S.C. § 3142(f)(1). Generally speaking, those subparagraphs describe offenses for which the maximum sentence is life in prison or death, and

begin the exceptional reasons analysis, the defendant must "meet[] the conditions of release set forth in section 3143(a)(1)." 18 U.S.C. § 3145(c). A detainee satisfies the conditions of § 3143(a)(1) only if he can demonstrate "by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).

Moreover, even when there is solid assurance that the defendant will return for sentencing and will do no harm during the interim, § 3145(c) will provide infrequent relief. Through § 3143(a)(2), Congress has expressed a strong policy of requiring individuals found guilty of the enumerated offenses to be removed from society until the court imposes sentence. Since § 3145(c) is an exception to mandatory detention, care must be taken to ensure that it does not swallow the general rule. Although exceptional reasons analysis requires a fact-intensive, case-by-case evaluation, *United States v. Miller*, 568 F.Supp.2d 764, 774 (E.D. Ky. 2008), the ordinary meaning of "exceptional" suggests that only reasons that are "out of the ordinary," uncommon," or "rare" would qualify. *Id.* (citing *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (defining "exceptional reasons" as "a unique combination of circumstances giving rise to situations that are out of the ordinary"). In addition, even exceptional reasons would not justify release if they are based on nothing more than probability, conjecture, intuition or speculation. Instead, according to the statute's explicit language, exceptional reasons must be

---

sex, terrorism-related or drug offenses for which a maximum term of imprisonment of ten years or more. *See* 18 U.S.C. §§ 3142(f)(1)(A), (B), and (C). Even under § 3143(a)(2), the court may order the release of an individual found guilty of one of these offenses if there is clear and convincing evidence that the individual is not likely to flee or pose a danger to the safety of any other person or the community if released *and* either there is a substantial likelihood that a motion for acquittal or new trial will be granted or the attorney for the government has recommended no sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2) (emphasis added).

"clearly shown" to render a person's detention as inappropriate. 18 U.S.C. § 3145(c).

It is also apparent from the structure of § 3145(c) and its relationship to § 3143 that, at a minimum, exceptional reasons entail a showing that detaining the defendant through sentencing works a particular injustice. This is so because the district court can entertain an appeal premised on exceptional reasons only after it has declined to release a defendant under one of the exceptions to mandatory detention specified in § 3143(a)(2). These exceptions apply only when the guilty defendant shows by clear and convincing evidence that he is not a flight or danger risk and there is either a substantial likelihood of success on a motion for acquittal or new trial or where counsel for the government recommends no sentence of imprisonment. 18 U.S.C. §§ 3143(a)(2)(i), (ii).

Likewise, concern for defendants over-serving their sentence also motivates the exception to mandatory detention during an appeal under § 3143(b)(1). Under this exception, a defendant can obtain release during pendency of his appeal if he satisfies the flight and danger condition and can demonstrate that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced term of imprisonment less than the total of time already served plus the expected duration of the appeal. 18 U.S.C. § 3143(b)(1).

As these exceptions make clear, both pre-sentencing and post-appeal, the policy at work here, at least in part, is to require detention of individuals found guilty of serious offenses unless doing so would result in the defendant spending more time in custody than he otherwise might because of meritorious legal challenges or an unusually lenient sentence recommendation by the

government.[4] Or, put another way, Congress has recognized through these exceptions that taking the liberty of an individual is a grave consequence of state power and that judges must be careful to ensure that a defendant does not spend one day in prison more than justice requires under the law.[5] When a court determines that the risk of an over-served sentence is not present and then appeal under § 3145(c) is made, however, equal care must be taken to ensure that relief on account of exceptional reasons does not emasculate § 3143(a)(2). *Bennett v. Spear,* 520 U.S. 154, 173, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (stating the cardinal principal of statutory construction is to give effect to every clause and word of a statute rather than to emasculate an entire section). It would be highly anomalous indeed if Congress, having crafted narrow and specific exceptions to mandatory detention under § 3143(a)(2), permitted release under more generous conditions under the guise of "exceptional circumstances." On the contrary, to avoid undermining the mandatory detention provision, the Court believes that its exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting the individual to unjust detention.[6]

---

[4] One reason why a recommendation of no term of imprisonment might be considered unusual is because, as already mentioned, mandatory detention is imposed for the most serious convictions, including drug and other offenses carrying a maximum term of imprisonment of ten years or more.

[5] Interestingly, no exceptions to mandatory detention during appeal are provided for a defendant found guilty of an offense specified in subparagraph (A), (B), or (C) of 18 U.S.C. § 3142(f)(1) and sentenced to a term of imprisonment. *See* 18 U.S.C. § 3143(b)(2). Nevertheless, even this defendant may, pursuant to *Christman*, immediately appeal his detention to the district court that just sentenced him because of exceptional circumstances.

[6] For a thorough discussion of 18 U.S.C. § 3145(c) and its interplay with § 3143(a)(2) (the "Mandatory Detention Act"), *see* Judge Amul R. Thapar & Mani S. Walia, *Putting the "Mandatory" Back in the Mandatory Detention Act*, 85 ST. JOHN'S L. REV. (forthcoming Winter 2011) (manuscript on file with authors).

**II.**

With all of this in mind, the Court now turns to Christman's circumstances and his claim to relief under § 3145(c). He presents essentially four reasons why detaining him until his sentencing date would be unduly harsh. First, he reports that detention would result in substantial hardship on his family, and on his seventeen-month-old child in particular since he has assumed responsibility for the child's care and support. Second, since Christman is a student and is enrolled in summer courses, detention would seriously disrupt his pursuit of a college degree.[7] Third, Christman believes that exceptional reasons exist because he has fully cooperated with the government. Fourth, citing all of the foregoing, Christman argues he should be released because he is "exceptionally" unlikely to flee, which he believes should be considered as a factor in the Court's exceptional reasons analysis.

In their own way, each of Christman's arguments sounds a similar theme, namely that he has demonstrated a sincere commitment to turning his life around. The Court is sympathetic to his situation and commends him for the steps he has taken. However, taken either individually or collectively, they cannot be considered exceptional within the meaning of the § 3145(c). Rather, personal and familial hardship and disruption to an individual's educational or professional affairs are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system. It is therefore no surprise that most courts have rejected these hardships as providing an exceptional reason. *See United States v. Koon*, 6 F.3d, 561 563 (9th Cir. 1993) (Rymer, J., concurring); *United States v. Larue* 478 F.3d 924, 925-26 (8th Cir. 2007) (ongoing employment not exceptional); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) (nothing

---

[7]Christman has submitted his academic transcripts, which indicate he has received high marks in his course work, as evidence of his commitment to his education.

exceptional about going to school, being employed, or being a first-time offender, either individually or in combination); *United States v. Burnett*, 76 F.Supp.2d 846, 849 (E.D. Tenn. 1999) (caring for family members in poor health); *United States v. Rodriguez*, 50 F.Supp.2d 717, 722 (N.D. Ohio 1999) (severe financial hardship to family not exceptional); *United States v. Mahabir*, 858 F.Supp. 504, 508 (D. Md. 1994) (purely personal considerations not exceptional). The Sixth Circuit reached the same conclusion in an unpublished opinion. *See United States v. Cook*, 42 Fed.Appx 803 at *2 (6th Cir. 2002) (holding the district court did not err when declining to release defendant under § 3145(c) for hardship to family or business associates.) Moreover, recognizing personal, educational, familial or financial hardships as exceptional reasons would allow the exception of release to swallow the rule of mandatory detention. Christman is therefore not entitled to release under § 3145(c) on these grounds.

Nor does the Court think that cooperation with the government typically rises to the level of an exceptional reason. Although not every defendant chooses to assist the government in criminal investigations, such occurrences are by no means rare or out of the ordinary. The Sixth Circuit in *Cook* seems to agree. *See Cook*, 42 Fed.Appx 803 at *2 (holding exceptional reasons not presented by cooperating with the government). Although *Cook* is an unpublished opinion and thus not binding precedent, the Court believes its conclusion, as a general proposition, is unassailable. Nevertheless, the Court cannot say at this point that cooperation will never furnish exceptional reasons. It is easy enough to imagine truly extraordinary scenarios where, due to the kind of cooperation offered, it would be physically impossible for the defendant to render such assistance while in custody. But the Court hastens to add that most defendants, Christman included, do not provide assistance of such an extreme nature. The Court therefore cannot grant a release because of his cooperation.

Finally, the Court rejects the proposition that exceptional reasons are demonstrated when a defendant is especially unlikely to flee or pose a danger if released.[8] A cardinal rule of statutory construction is that every statutory provision is presumed to have meaning and courts must avoid an interpretation that would render a provision superfluous. *In re Arnett*, 731 F.2d 358, 361 (6th Cir. 1984) (citing *Jarecki v. Searle & Co.*, 367 U.S. 303, 307-08, 81 S.Ct. 1579, 1582-83, 6 L.Ed.2d 859 (1961). In the context of § 3145(c), before the Court can proceed to the exceptional reasons analysis, clear and convincing evidence must support a finding that the defendant is not likely to flee or pose a danger if released. *See* 18 U.S.C. §§ 3143(a)(1), 3145(c). The Court does not see how this is any different, in any meaningful way, from a defendant who can show he is really, really unlikely to flee or pose a danger. Instead, granting a release for this reason would reduce the § 3143(a)(1) precondition to meaninglessness. Since the Court is precluded from giving the statute this interpretation, exceptional reasons are not present when a defendant is unlikely to flee or pose a danger, no matter how compelling the evidence.[9] The Court therefore cannot release Christman based on this argument.

---

[8] This was one of several exceptional reasons factors recognized by the Ninth Circuit in *United State v. Garcia*, 340 F.3d 1013, 1021 (9th Cir. 2003). Christman presses this Court to adopt those factors in its exceptional reasons analysis and suggests that the Sixth Circuit bestowed its blessing to do so in *United States v. Christman*, 596 F.3d 870 (6th Cir. 2010), by citing *Garcia*. His argument, however, overstates the Sixth Circuit's reliance on *Garcia*. The only portion of *Garcia* cited in *Christman* was the footnote wherein the Ninth Circuit concluded that district courts are authorized to release a defendant for exceptional reasons pursuant to § 3145(c). *See Christman*, 596 F.3d at 871 (citing *Garcia*, 340 F.3d at 1014 n.1). Nowhere in its opinion did the Sixth Circuit express approval for *Garcia*'s exceptional reasons factors.

[9] In retort, clever defense counsel might ask whether a defendant in a coma might not present compelling evidence that exceeds the exceptional reasons bar. This circumstance, however, presents not just an unlikelihood of fleeing, but an impossibility, a different reason altogether.

## III.

In conclusion, Christman has not presented exceptional reasons demonstrating why his continued detention until sentencing would be inappropriate.

This the 19th day of May, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge